IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONYA L. ELDER and RODERIC ELDER, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:07-CV-1280-JOF : |
| TFAL, INC., and TRAMOTINA U.S.A., INC., | : : : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the court on Plaintiffs Tonya and Roderic Elder's motion to remand [3].

**I.   Background**

Plaintiff, Tonya Elder, alleges that she suffered severe burns while using a two-quart boiling pot, manufactured and sold by Defendants, T-Fal, Inc., and Tramontina U.S.A. Elder contends that the lid unexpectedly blew off her pot and all the boiling water and steam inside came out onto her face, neck, and chest. Plaintiff claims to have sustained burns on eleven to twelve percent of her body. Plaintiff received immediate medical care in the emergency room and was admitted to a burn step-down unit for observation, pain control, treatment and wound debridement. Plaintiff was ordered not to work for five weeks and

suffered permanent scarring that is currently being treated by a dermatologist. Plaintiff obtained counsel, and on January 25, 2007, counsel sent a demand letter to Defendants suggesting that $269,386.98 was fair compensation for Tonya's pain and suffering and offering to settle the matter for $115,000, $100,000 of which would compensate Tonya and $5,000 of which would compensate Tonya's husband, Roderic Elder, for loss of consortium.

On April 18, 2007, Plaintiffs filed a complaint in the state court of Fulton County, Georgia, alleging various tort claims and a loss of consortium claim. In the complaint's *ad damnum* clause, Plaintiffs sought "damages for medical treatment in the amount of $19,000; damages for pain and suffering in the amount of $45,000; damages in the amount of $5,000 for loss of consortium; and for other unspecified relief as the Court deems appropriate." (Cmplt., at 5). Defendants' counsel requested that Plaintiffs stipulate that they would not seek to recover more than a total of $75,000. Plaintiffs' counsel refused to enter into such a stipulation. As a result, on June 4, 2007, Defendants filed a notice of removal, claiming that the amount in controversy exceeded $75,000.[1] Plaintiffs filed the instant motion to remand on June 8, 2007, arguing that Defendants had not shown "to a legal certainty" that the amount in controversy exceeded $75,000.

**II.   Discussion**

---

[1] Plaintiffs brought their claim under diversity jurisdiction, and there was no dispute about the diverse citizenship of the parties.

A defendant may only remove a case to federal court if he can prove that the matter could have been filed there originally. *Burns v. Windsor Inc.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Therefore, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Removal statutes are construed narrowly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *Burns*, 31 F. 3d at 1095. Here, Plaintiffs' claim on its face requests $70,000, or $5,000 less than the jurisdictional requirement, along with "other unspecified relief." Defendants contend that Plaintiffs are falsely assessing their case at just below the jurisdictional limit to remain in state court.

This circuit has adopted two standards of proof for defendants wishing to prove that a plaintiff is incorrectly assessing his claim. The first standard, articulated most clearly in *Burns v. Windsor, Inc.*, governs cases in which the plaintiff has requested a specific amount of money in the *ad damnum* clause of his complaint. 31 F.3d at 1097. In such a case, the law requires the court to assume, that "plaintiff's counsel best knows the value of his client's case" and that, as an officer of court, he is engaging in no deception. *Id.* at 1095. Courts must give deference and a presumption of truth to such claims, and require that defendants prove "to a legal certainty" that a plaintiff's claims exceed $75,000 in order to overcome that presumption. *Id.* The "legal certainty" standard is a heavy burden but not an

3

insurmountable one. *Id.* at 1096. A defendant must show *objectively* that the case is clearly worth more than $75,000. "[P]laintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *Id.*

The second standard, articulated most clearly in *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1995), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), governs in cases "where a plaintiff has made an unspecified demand for damages in state court" and requires that defendants "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement. *Id.* at 1357. Here, Plaintiffs have requested $70,000 specifically in their *ad damnum* clause and other "unspecified relief," and it is not so clear which standard should apply. Thus, the court will assess whether Defendants have met their burden under either standard.

The face of the complaint, alone, when combined with the removal notice gives no indication that Plaintiffs' complaint is worth more than $75,000. Outside the complaint, Defendants ask the court to consider: (1) that Plaintiffs' request of $45,000 in pain and suffering for Tanya Elder's injury is objectively unrealistic, (2) that Plaintiffs sent a settlement demand letter requesting $115,000, and (3) that Plaintiffs refused to stipulate that they would not seek to recover more than $75,000.

Defendants contend that

4

> [t]here is no reasonable doubt that Plaintiffs' counsel will seek a pain and suffering award at trial more in line with what they claim in their demand letter ($269, 386.98) and that objectively, in a case of clear liability, that a jury would award a sum greater than $45,500 to Plaintiff for what she went through and for her permanent disfigurement.

(D. Resp. at 7). Defendants, however, offer no evidence to support this contention. They present the court with neither expert testimony regarding the value of this case nor jury awards from similar cases which were greater than $45,000. *See Jackson v. American Bankers*, 976 F. Supp. 1450 (S.D. Ala. 1997) (illustrating that a defendant may use an expert or similar cases to prove the value of a case). In the absence of such evidence, Defendants' assertions appear conclusory and unpersuasive.

Defendants next point the court to a demand letter sent by the Plaintiffs to defense counsel on January 25, 2007, over two-and-a-half months prior to Plaintiffs filing their complaint. Defendants do not offer the court any information about more recent post-complaint settlement numbers. The Eleventh Circuit has clearly established that a post-complaint settlement offer, while not determinative, "counts for something," *Burns*, 31 F.3d at 1097 (involving an offer to settle after the complaint was filed). It is decidedly less clear whether an offer to settle before a complaint is filed is relevant. *See Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-00210-T17MAP, 2007 U.S. Dist. LEXIS 43133, *6 (M.D. Fla. 2007) (considering pre-suit offer); *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) ("Although case law permits the use of post-suit demand letters in

5

determining the amount in controversy requirement, Defendants' pre-suit settlement demand letter will not be considered as 'other paper' for the purpose of satisfying the amount in controversy requirement."). Plaintiffs assert that "in the give and take of negotiation attorneys ask for more than they expect to receive and Defendants offer less." (P. Reply at 6-7). Plaintiffs contend that during the two months between sending the letter and filing their complaint they learned additional facts about their case and modified their demand accordingly, and as such, their *ad damnum* clause is a better reflection of the value of the case than their demand letter. This court finds Plaintiffs' contentions to be eminently reasonable. This is not the settlement scenario in *Burns*, where the plaintiff, demanding remand, agreed to settle immediately for less than the jurisdictional amount. 31 F.3d at 1094. A demand letter, such as the one here, made without full investigation and dated more than two months before a complaint was filed, should be given little weight when it is inconsistent with a complaint, signed by counsel operating under the full weight of his ethical obligations to the court. *See Progressive Specialty Ins. Co. v. Nobles*, 928 F. Supp. 1096, 1098 (M.D. Ala. 1996) ("[T]he court finds that [Plaintiff's] settlement offer, especially given the time it was made [over a year before the pleading], is not significant enough to overcome the specific request in her *ad damnum* clause contained in her [claim] filed only a few weeks ago.").

6

Lastly, Defendants insist that Plaintiffs' refusal to stipulate that they will not seek to recover more than $75,000, is an indication that the amount in dispute exceeds the jurisdictional amount. (D. Resp. at 8-9). "There are several reasons why a plaintiff would not so stipulate," and a "refusal to stipulate standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). The court may, however, consider it as one piece of evidence among many. *Id*; *Burns*, 31 F.3d at 1094 (holding that Defendant had not proven "legal certainty" even when Plaintiff had twice refused to stipulate at the direction of the court that she would not seek over jurisdictional amount); *Morock*, 2007 U.S. Dist. LEXIS 43133 at *6 (considering it); *Lindsay v. Am. Gen. Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1274 (N.D. Ala. 2001) (same).

Looking at the evidence presented by Defendants, this court cannot say with certainty that Defendants have proven by a preponderance of the evidence, and certainly not to a "legal certainty," that the amount in dispute is more than $75,000. As such, this court will exercise the presumption in favor of the Plaintiffs and REMAND this matter to Fulton County state court. The court further notes that it has taken the Plaintiffs' assertions in its *ad damnum* clause in good faith. As such Plaintiff is judicially estopped from claiming or receiving more than $75,000 in the state court, unless the state trial judge determines that

7

the facts of this matter have changed.  For Plaintiffs to do so, would be for Plaintiffs' counsel to commit a fraud upon this court.

### III.    Conclusion

Plaintiff's motion to remand [3] is GRANTED.

**IT IS SO ORDERED** this 31st day of October 2007.

                          s/ J. Owen Forrester
                          J. OWEN FORRESTER
            SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)